UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY SHELINE, | ) | CASE NO.: 1:20-CV-02828 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| LYNEAL WAINWRIGHT, | ) | **ORDER AND DECISION** |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter appears before the Court on objections to the Report and Recommendation ("R&R") of the Magistrate Judge (Doc. 15) filed by Petitioner Timothy Sheline. Upon due consideration, the Court overrules the objections and adopts the Report and recommended findings and conclusions of the Magistrate Judge and incorporates them herein. Therefore, it is ordered that the petition is hereby DENIED, and this matter is hereby DISMISSED.

Where objections are made to a magistrate judge's R&R this Court:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Petitioner asserts three objections to the R&R, the first two addressing the merits, and the third addressing the R&R's denial of appealability.

    **1. Objection 1: This Court should reject the Magistrate Judge's conclusion that the State Court was not unreasonable when it found**

1

**that sufficient evidence supported Sheline's conviction for murder, because no witness could say that deceased was murdered.**

Petitioner contends that the R&R's conclusion that a "rational trier of fact could conclude that Sheline had the motive and opportunity to kill Bewley and set her on fired" ignores the "fact that there was no evidence presented at this trial that Bewley was a victim of murder." Doc. 15, p. 5.

Regarding the applicable law, the R&R states that "Ohio courts recognize that arson cases often rely on circumstantial evidence exclusively. Of particular relevance in an arson case is evidence establishing 'motive and opportunity.'" Doc. 12, p. 15. The R&R then sets forth nearly two pages, which the Court incorporates herein, summarizing the evidence presented at trial regarding Petitioner's motive and opportunity. Doc. 12 p. 15-17. Most notably, the R&R cites to the following evidence to support the conclusion that Petitioner's conviction was supported by sufficient evidence:

> And to both sets of evidence must be added: (i) Dolence's and Reitmeier's opinion that the fire was caused by someone laying paper on Bewley's body and igniting it (ECF Doc. 8-5 at 84–86; ECF Doc. 8-8 at 37); (ii) Dr. Trelka's and Dr. Thomas Gibons's opinion that Bewley's death was not caused by natural disease (ECF Doc. 8-5 at 71–72, 80–84; ECF Doc. 8-10 at 185–86); (iii) Reitmeier's testimony that Sheline repeatedly checked in and out of different rooms at the same hotel between August 29 and September 7, 2007 (ECF Doc. 8-8 at 41–43); (iv) Detective Harrington's testimony that on September 4, 2007 Sheline set up a PayPal account in Bewley's name and used Bewley's credit card to transfer $900 (ECF Doc. 8-8 at 122); (v) Detective Harrington's testimony that transactions continued to be made with Bewley's credit cards after her death (ECF Doc. 8-8 at 142, 151); and (vi) Officer Shephard's testimony that at the time of Sheline's arrest he was still driving Bewley's rental car and was found with her credit cards under the floor mat (ECF Doc. 8-9 at 141–45).

Petitioner's objection merely restates his prior arguments that the Magistrate Judge has already considered and properly rejected. "An 'objection' that does nothing more than state a disagreement with a Magistrate's suggested resolution or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). A general objection to the Magistrate's report has the same

2

effect as a failure to object. *Id.* Because Petitioner merely repeated and restated previous arguments, this objection is overruled.

2. **Objection 2: This Court should reject the Magistrate Judge's conclusion that Sheline has not demonstrated that he suffered actual prejudice from the inexcusable delay in initiating the murder charges**.

On this issue, the R&R states

> Then, as now, Sheline's prejudice argument was that he was deprived of access to: (i) evidence with which to establish an alibi; (ii) the other suspects' phone records; (iii) the un-remodeled crime scene; and (iv) un-faded witness memories. ECF Doc. 7-1 at 127–28; see also ECF Doc. 1-1 at 8. But as the state court noted, Sheline's argument amounted to speculation regarding what evidence possibly could have existed regarding his and others' whereabouts at the time of the fire and regarding the possibility that valuable evidence was lost in the gap between his arrest and indictment. ECF Doc. 7-1 at 247–48. Such speculation is not enough to establish the requisite degree of prejudice. See *Marion*, 404 U.S. at 325–26. And without prejudice the state court determined, consistent with *Marion* and *Lovasco*, that Sheline failed to establish a due process violation. See Brown, 498 F.3d at 528. Thus, the state court's denial of Sheline's Ground Two claim was not beyond any possibility of fair-minded disagreement. See Harrington, 562 U.S. at 101.

Doc. 12, p. 19-20. Petitioner raises this same argument once again in this objection. As noted above, merely disagreeing with the R&R is not a proper objection in this context. Accordingly, the objection is overruled.

3. **Objection 3: This Court should reject the Magistrate Judge's conclusion that a Certificate of Appealability is not warranted particularly with respect to Sheline's First Ground for Relief.**

Because the Court overruled Petitioner's first two objections and adopts the R&R's conclusions on those issues, the Court concludes that an appeal from this issue cannot be taken in good faith pursuant to 28.U.S.C. § 1915(A)(3).

**CONCLUSION**

Petitioner's objections are hereby overruled. The R&R is hereby ADOPTED IN WHOLE,

3

and Sheline's petition is hereby DENIED.

The Court certifies, pursuant to 28 U.S.C. §1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

This Order is entered pursuant to Federal Rule of Civil Procedure 58…

IT IS SO ORDERED.

May 22, 2023             */s/ John R. Adams*
                      JUDGE JOHN R. ADAMS
                      UNITED STATES DISTRICT JUDGE